## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICHAEL LOCK,
JERHONDA MCCRAY,
CHIANTI CLAY,                                     Case No. 07-Cr-204
KEVIN SLAMANN,
MONIQUE DUNLAP,
MARCUS LEONARD,
RUBEN FIELDS,
NICOLE BROWN,
LISA COLELLA
  formerly known as LISA GEIGER and
KRISTA JERAY,

    Defendants.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE J. P. STADTMUELLER AND ORDER

### NATURE OF CASE

On August 1, 2007, a federal grand jury sitting in this district returned a 21-count indictment against defendants Michael Lock, Jerhonda McCray, Chianti Clay, Kevin Slamann, Monique Dunlap, Marcus Leonard, Ruben Fields, Nicole Brown, Lisa Colella formerly known as Lisa Geiger and Krista Jeray. On December 5, 2007, a superseding 21-count indictment was filed against the same defendants. All counts charge the defendants with devising and participating in a scheme to defraud and to obtain money from lending institutions by means of material false and fraudulent pretenses, representation and promises. Specifically, Counts One through Eight, Counts Ten through Twelve and Counts Fourteen through Twenty charge

defendants with devising and participating in a scheme to defraud and obtain money by transmitting wire communications in interstate commerce in violation of 18 U.S.C. §§ 1343 and 2. Counts Nine and Thirteen charge defendants with causing documents to be delivered by commercial interstate carrier for the sale of property in violation of 18 U.S.C. §§ 1341 and 2. Count Twenty-One charges the defendants with devising and participating in a scheme to defraud a financial institution and obtain money by means of false and fraudulent pretenses and representations in violation of 18 U.S.C. §§ 1344 and 2.

Defendant Lock was charged in 20 counts, defendant McCray was charged in 10 counts, defendant Clay was charged in all counts, defendant Slamann was charged in seven counts. Defendant Dunlap was charged in three counts, defendant Leonard was charged in seven counts, defendant Fields was charged in four counts, defendant Brown was charged in 13 counts. Defendants Jeray and Colella were each charged in one count.

The defendants were arraigned and entered pleas of not guilty. Pursuant to the pretrial scheduling order issued at that time, numerous motions were filed by the defendants. Defendant Lock's motions to suppress and for disclosure of Rule 404(b) evidence have already been addressed. The motions of defendants McCray, Colella and Jeray to sever defendants (Docket ## 73, 97 and 102) will be addressed in a separate decision, as will defenant Slamann's motion for relief from prejudicial joinder (Docket #90) and defendant McCray's motion to sever Count Twenty-One for misjoinder. (Docket #99). The government's motion for a hearing on multiple representation also will be addressed in a separate decision. (Docket # 111). All other motions will be addressed herein.

## **DEFENDANTS SLAMANN'S AND JERAY'S MOTIONS TO DISMISS**
**(Docket #92 & #89)**

Defendant Slamann moves the court to dismiss all counts against him pursuant to Fed. R. Crim. P. 12(b)(3)(A) and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. (Docket #92). He asserts that the superseding indictment fails to allege that he made a material false representation and fails to allege that he assisted any other defendant in making a material, false representation. Therefore, he asserts that the motion to dismiss should be granted. He cites no case law to support his position.

Defendant Jeray moves to dismiss Count Thirteen which alleges mail fraud in violation of 18 U.S.C. sec. 1341 and 2. (Docket #89). She asserts that Count Thirteen fails to allege an essential element of the offense, namely that she knew or should have known about the existence of any such scheme and artifice to defraud or that she was involved in, discussed or was aware of any fraudulent scheme to defraud and obtain monies from any lending institution by means of material, false or fraudulent representations. Defendant Jeray provides no case law to support her contention.

The motions of defendant Slamann and Jeray are, in essence, challenges to the sufficiency of the indictment. An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Civ. P. 7(c). To be sufficient, an indictment must: (1) state all of the elements of the offense charged; (2) be sufficiently specific to inform the defendant of the charge; and (3) enable him to plead double jeopardy in any future prosecution for the same offense. United States v. Sandoval, 347 F.3d 627, 633 (7th Cir. 2003); United States v. Glecier, 923 F.2d 496, 499 (7th Cir. 1991). An indictment is generally sufficient when it sets forth the offense in the words of the statute itself,

- 3 -

as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. 87, 117-18 (1974); United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997).

Although, as noted, an indictment that is in the words of the statute itself is generally sufficient and preferred, the indictment need not track the exact language of the statute. United States v. Weatherspoon, 581 F.2d 595, 600 (7th Cir. 1978). It must, however, allege each element of the offense in a form which substantially states it. Id. In other words "while an indictment must allege all of the elements necessary to prove a violation of the statute, 'it is not necessary to spell out each element, [so long as] each element [is] present in context.'" United States v. Westmoreland, 240 F.3d 618, 633 (7th Cir. 2001) (quoting United States v. Smith, 223 F.3d 554, 571 [7th Cir. 2000]).

In United States v. Palumbo Bros., Inc., 145 F.3d 850, 860 (7th Cir. 1998), the court explained that, in reviewing the sufficiency of an indictment "a court should consider each 'challenged count as a whole and should refrain from reading it in a hypertechnical manner.'" Id. (quoting United States v. McNeese, 901 F.2d 585, 602 [7th Cir. 1990]); see also, Sandoval, 347 F.3d at 633. "The indictment must be 'read to include facts which are necessarily implied' and 'construed according to common sense.'" Palumbo Bros., 145 F.3d at 860 (quoting United States v. Blinder, 10 F.3d 1468, 1471 [9th Cir. 1993]). The test for validity is not whether the indictment could have been written in a more satisfactory manner, but whether it conforms to minimal constitutional standards. United States v. Allender, 62 F.3d 909 (7th Cir. 1995).

In this case, defendant Jeray is charged in Count Thirteen with mail fraud in violation of 18 U.S.C. § 1341 and defendant Slamann is charged with several counts of wire fraud in

- 4 -

violation of 18 U.S.C. § 1343. Both 18 U.S.C. § 1341 and § 1343 share virtually identical language, so they are of equal scope and should be construed with reference to one another. See Carpenter v. United States, 484 U.S. 19, 25-28 (1987); Lombardo v. United States, 865 F.2d 155, 157 (7th Cir. 1989); United States v. Lemire, 720 F.2d 1327, 1334-35 (Fed. Cir. 1983); The essential elements of mail fraud under Section 1341 and wire fraud under Section 1343 are: (1) a scheme to defraud, and (2) use of the mails or interstate communications for the purpose of executing or attempting to execute, the scheme to defraud. Schmuck v. United States, 489 U.S. 705, 721 (1989) (mail fraud); United States v. Stout, 965 F.2d 340, 344 (7th Cir. 1992) (mail fraud); Lombardo, 865 F.2d at 157 (wire fraud).

Here, the defendants alleged scheme was to fraudulently obtain mortgage loans on numerous properties in the Milwaukee area and to arrange to have the proceeds of the fraud split, in varying proportions, among themselves. The defendants used a commercial interstate carrier and wire carriers to facilitate the fraud. Clearly, transmittal of funds and documents either by commercial interstate carrier or by wire was "incident to an essential part of the scheme." See Schmuck, 489 U.S. at 712 (mailings from a merchant defrauded by defendant's scheme to a company essential to process the transaction); Lombardo, 865 F.2d at 157 (wire fraud scheme to sell specified property at a bargain price); United States v. Draiman, 784 F.2d 248, 253 (7th Cir. 1986) (mailings from the attorney for the insurance company to the company and its accountant); United States v. Roylance, 690 F.2d 164, 167 (10th Cir. 1982) (out-of-state investor mailings of checks to defendant for investment in defendant's fraudulent scheme).

Here, the indictment is sufficient to apprise the defendants of the essential elements of the crimes charged against them and to allow them to plead double jeopardy in any future

- 5 -

prosecution for the same offense. Therefore, this court will recommend that the motions of defendants Slamann and Jeray to dismiss the indictment be denied.

## DEFENDANT SLAMANN'S MOTION FOR A BILL OF PARTICULARS
**(Docket #91)**

Defendant Slamann moves the court for a bill of particulars pursuant to Fed. R. Crim. P. 7(f) and the Fifth and Sixth Amendments. (Docket #91). Specifically, he seeks the names of the "others" alleged to have participated in the scheme to defraud, the specific "material false and fraudulent pretenses, representations and promises" that were made regarding Counts Six, Seven and Sixteen through Twenty, the manner in which the fraud proceeds were split and the identification of each settlement detail that was manipulated or concealed as alleged in the superseding indictment. In addition, with respect to the forfeiture provision, he seeks identification of the property that he allegedly has an interest in which the government asserts is subject to forfeiture, the amount the government contends he received and the amount the government is requesting he forfeit.

The government objects to providing a bill of particulars, contending that the information in the indictment together with the discovery materials provided is more than adequate to inform defendant Slamann about the pending charges and to enable him to prepare for trial. The government points out that it is following its open file policy and has provided or made available for inspection extensive discovery materials, including investigative reports of witness interviews, audio recordings, documents relating to properties that were the subject of the fraud, tax and bank records, imaged computer files and other items recovered during the execution of the various search warrants in this case. Further, the government asserts that

- 6 -

defendant Slamann's requests are merely an attempt to obtain detailed disclosure of the evidence the government intends to produce at trial.

Rule 7(f) of the Federal Rules of Criminal Procedure allows, in conjunction with the issuance of an indictment, "for the filing of a bill of particulars–a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). The trial court has discretion to grant or deny a request for a bill of particulars and the trial court's decision denying a bill of particulars will not be overturned without a showing of an abuse of discretion. United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003); Canino, 949 F.2d at 949.

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." Fassnacht, 332 F.3d at 447 (quoting United States v. Kendall, 665 F.2d 126, 134 [7th Cir. 1981]); United States v. Richardson, 130 F.3d 765, 776 (7th Cir. 1997), vacated in part on other grounds, 526 U.S. 813 (1999); United States v. McAnderson, 914 F.2d 934, 946 (7th Cir. 1990). "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the stature or statutes violated is sufficient to pass this test." Fassnacht, 332 F.3d at 446. Further, if the defendant could, from reading the indictment, reasonably anticipate the evidence to be introduced at trial, the denial of the motion does not prejudice the defendant. United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985).

"[A] defendant has no right to discover, through a bill of particulars, the evidentiary details of the government's case." United States. v. Brock, 863 F.Supp. 851, 867 (E.D. Wis.

- 7 -

1994) (citing United States v. Glecier, 923 F.2d 496, 501-02 [7th Cir. 1991]). A defendant is entitled to know the offense with which he is charged, but he is not entitled to know the details of how it will be proved. Fassnacht, 332 F.3d at 446 (quoting United States v. Kendall, 665 F.2d 126, 135 [7th Cir. 1981]); see also, Richardson, 130 F. 3d at 776. Nor is a bill of particulars intended to compel the government to make a detailed disclosure of its evidence or to reveal the theory of its case. Glecier, 923 F.2d at 502; United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974) ("It is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses, or evidentiary detail.").

"Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case." Fassnacht, 332 F.3d at 446. Indeed, a bill of particulars is not required when a defendant can obtain the information necessary for his or her defense through "some other satisfactory form." Id. at 447 n.2 (quoting Canino, 949 F.2d at 949).

Here, the 29-page superseding indictment provides detailed information about the nature and scope of the fraud scheme. It sets forth the elements of the charged offenses, the approximate date and time of the alleged illegal conduct and the statutes violated. With respect to the "others" alleged to have participated in the conspiracy, the government states that, to the extent that the identities of these persons are known, the names can be found in the discovery materials provided to the defendants. Defendant Slamann's request to have the government enumerate which representations it considers "material" is merely an attempt to require the government to disclose in detail the evidence it intends to offer in its case and to reveal its theory of the case. Such information is not subject to disclosure in a bill of particulars. Fassnacht, 332 F.3d at 446; Glecier, 923 F.2d at 501-02.

- 8 -

With respect to the forfeiture allegations in the indictment, Fed. R. Crim. P. 7(c)(2) requires the government to provide notice that the defendant has an interest in property that is subject to forfeiture. The government is not required to list all forfeitable interests in the indictment provided that the indictment provides notice to the defendant that the government will seek to forfeit property acquired in violation of the statute. See United States v. DeFries, 129 F.3d 1293, 1315 (D.C. Cir. 1997). The superseding indictment provides the defendant with the requisite notice. Moreover, the government is following its "open file" discovery policy in this case and, as the government points out, the defendants have received relevant and discoverable information contained in the government's file. Thus, any even arguable need for a bill of particulars is obviated where, as in the instant case, discovery has been provided. Fassnacht, 332 F.3d at 447, n.2; Canino, 949 F.2d at 949 ("The 'open file' policy is an 'adequate satisfactory form' of information retrieval making the bill of particulars unnecessary.").

The indictment in this case adequately apprises defendant Slamann of the nature of the charges against him to enable him to prepare a defense and to enable him to plead double jeopardy if a subsequent prosecution for the same offense is brought. The information sought by defendant Slamann goes beyond the bounds of information obtainable in a bill of particulars. Moreover, the government has provided the defendant with extensive pretrial discovery in its possession further obviating the need for a bill of particulars. See Fassnacht, 332 F.3d at 447; Canino, 949 F.2d at 949. Accordingly, defendant Slamann's motion for a bill of particulars will be denied.

## DEFENDANT MCCRAY'S MOTION FOR ORDER FOR NOTICE OF CERTAIN EVIDENCE
### (Docket #101)

## DEFENDANTS SLAMANN'S AND JERAY'S MOTIONS FOR DISCLOSURE OF OTHER ACTS EVIDENCE AND WITNESS LIST
### (Docket #94 & #87)

Defendant McCray has moved for a written summary of the nature of any expert witness opinion as required by Fed. R. Crim. P. 16(a)(1)(G), any uncharged misconduct evidence under Fed. R. Evid. 404(b),and any handwritten documents which the government intends to offer under Fed. R. Evid. 803(6) or 801(d)(2)(E). (Docket #101). In addition, defendant McCray seeks disclosure of the nature of any hearsay evidence the government intends to offer under Fed. R. Evid. 807. Defendants Slamann and Jeray seek an order compelling the government to disclose any evidence it will offer at trial pursuant to Fed. R. Evid. 404(b). (Docket ##94, 87). Defendant Slaman also requests an order requiring the government to provide him with a list of witnesses to be called to testify at trial. In response, the government states that it is aware of its obligations under Rule 16 of the Fed. R. Crim. P. 404(b) and Fed. R. Evid. 807 and will comply with those obligations.

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure requires disclosure of expert witness testimony upon a defendant's request. Thus, defendant McCray need not file a motion to obtain such information. Furthermore, the motions of defendant McCray and Slamann seek particular discovery materials. However, any such motions for discovery must be accompanied by a statement mandated by Criminal Local Rule 16.1(a) (E.D. Wis.). The court's local rule, which is referenced in the Pretrial Order issued to the parties at the arraignment, requires that all discovery motions be accompanied by a statement of counsel

that the parties have met and conferred and that they are unable to resolve their discovery disputes. No such statement was provided with defendants Slamann and Jeray's motions. Therefore, the portion of defendant McCray's motion seeking disclosure of evidence under Rule 16 will be denied as moot. The other discovery requests in the motions of defendants Slamann and Jeray will be denied for failure to comply with the court's local rule.

With respect to the Rule 404(b) evidence sought by these defendants, the rule requires the government to give notice of its intention to use other crimes, wrongs, or acts evidence. "Other acts" evidence is admissible if: "1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; 2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; 3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and 4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." United States v. O'Brien, 119 F.3d 523, 529 (7th Cir. 1997); United States v. Yusufu, 63 F.3d 505, 511 (7th Cir. 1995); see also, United States v. Smith, 103 F.3d 600, 603 (7th Cir. 1996).

Notice of the government's intention to use such evidence must be provided regardless of whether the government intends to use the evidence during its case-in-chief at trial, for impeachment or for possible rebuttal. See Advisory Committee Notes, 1991 Amendments to Rule 404(b). The rule makes no provision for the timing of the notice. Rather, the rule provides that the government "shall provide reasonable notice in advance of trial." Fed. R. Evid. 404(b). What constitutes reasonable notice will depend largely on the circumstances of each case. See Advisory Committee Notes, 1991 Amendments to Rule 404(b).

- 11 -

In light of the foregoing, the motions of defendants McCray and Slamann seeking disclosure of Rule 404(b) and other discovery will be granted in part and denied in part as stated herein. Defendant Jeray's motion for an order for notice of certain evidence pursuant to Rule 404(b) will be granted. The government will be required to provide notice of the general nature of any other crimes evidence it intends to introduce at trial two weeks prior to trial.

### DEFENDANT JERAY'S MOTION FOR A SANTIAGO HEARING AND FOR PRETRIAL RULING REGARDING ADMISSIBILITY OF STATEMENTS (Docket #88)

Defendant Krista Jeray moves the court for entry of an order excluding co-conspirator statements under United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978) and Fed. R. Evid. 104. (Docket #88). She also requests a pretrial hearing on the existence of a conspiratorial agreement and the admissibility of co-conspirators' statements. The government opposes the motion.

The motion addresses the basic issue – the admissibility of co-conspirators' statements pursuant to Fed. R. Evid. 801(d)(2)(E). In Santiago, the Court of Appeals for the Seventh Circuit held that the issue of the admissibility of co-conspirator statements may be resolved at trial. Subsequent cases have continued to approve of this practice. United States v. Haynie, 179 F.3d 1048, 1050 (7th Cir. 1999); United States v. McClellan, 165 F. 3d 535, 553 (7th Cir. 1999); United States v. Rodriguez, 975 F.2d 404, 409-10 (7th Cir. 1992). This practice has been uniformly adopted in this district. See, e.g., United States v. Morken, No. 95-Cr-178, slip op. at 36-37 (E.D. Wis. April 20, 1996); United States v. Nevarez-Diaz, No.

- 12 -

97-Cr-211, slip op. at 14-15 (E.D. Wis. Dec. 20, 1997). As such, the defendant's motion will be denied as untimely.

## **CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Kevin Slamann's motion to dismiss all counts against him. (Docket #92).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant Krista Jeray's motion to dismiss the charge of mail fraud (Count Thirteen) of the superseding indictment. (Docket #89).

**IT IS ORDERED** that defendant Jerhonda McCray's motion for an order for notice of certain evidence be and hereby is **granted in p**art **and denied in part**. (Docket #101).

**IT IS ORDERED** that defendant Kevin Slamann's motion for a bill of particulars be and hereby is **denied**. (Docket #91).

**IT IS ORDERED** that defendant Kevin Slamann's motion for disclosure of other acts, evidence and witness list be and hereby is **granted in part and denied in part**. (Docket #94).

**IT IS ORDERED** that defendant Krista Jeray's motion for disclosure of intention to use evidence of other crimes be and hereby is **granted**. (Docket #87).

**IT IS ORDERED** that defendant Krista Jeray's motion for a Santiago hearing and pretrial ruling regarding admissibility of statements be and hereby is **denied**. (Docket #88).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with

the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 25th day of March, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge