# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICHAEL LOCK,
JERHONDA MCCRAY,
CHIANTI CLAY,                             Case No. 07-Cr-204
KEVIN SLAMANN,
MONIQUE DUNLAP,
MARCUS LEONARD,
RUBEN FIELDS,
NICOLE BROWN,
LISA COLELLA
  formerly known as LISA GEIGER and
KRISTA JERAY,

    Defendants.

## DECISION AND ORDER

On December 5, 2007, a federal grand jury sitting in this district returned a 21-count indictment against the defendants charging them with mail fraud, wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343, 1341 and 1344 and 2. Defendant Jeronda McCray is charged in Counts 1-3, 6-9, 16-18, defendant Keith Slamann is charged in Counts 6, 7,16-20, and defendants Krista Jeray and Lisa Colella are each charged in one count.

Various defendants have filed pretrial motions, many of which already have been addressed. The following motions are ready for resolution and will be addressed herein: 1) defendant McCray's motion to sever based on prejudicial spillover pursuant to Fed. R. Crim.

P. 14 (Docket #97); 2) defendant McCray's motion to sever Count 21 for misjoinder under Fed. R. Crim. P.8(a) and 8(b) (Docket #99); 3) defendant Slamann's motion for relief from prejudicial joinder pursuant to Fed. R. Crim. P. 8(b), 12(b)(3) and 14(a) (Docket #90); 4) defendant Jeray's motion to sever her trial from that of her co-defendants pursuant to Fed. R. Crim. P.8(b) (Docket #73); and 5) defendant Colella's motion for severance of her trial from her co-defendants pursuant to Fed. R. Crim. P. 8 and 14. (Docket #102). Defendant Colella has entered into a plea agreement and, therefore, the court will not address her motion for severance.

### MOTIONS OF DEFENDANTS SLAMANN, MCCRAY, AND JERAY RAISING SEVERANCE AND JOINDER ISSUES (Docket #90, #97, #99, & #73)

Defendant Slamann seeks severance of his trial from that of his co-defendants pursuant to Fed. Crim. P. 8(b), 12(b)(3) and 14(a) and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. (Docket #90). He seeks severance of the individual wire and mail fraud charges with which he is charged. He asserts that even though he is named in Counts 6, 7 and 16 through 20, discovery reveals that he allegedly received only two checks totaling $4,000.00 out of the allegedly $2 million involved in the fraud charged in the indictment. Although defendant Slamann cites Rule 8(b) as a basis for severance, he does not address the factors that must be considered in determining whether joinder is proper under the rule. Rather, his motion focuses on the alleged prejudice to him if his trial is not severed from that of his co-defendants. Defendant Slamann also raises a potential Bruton[1] issue with respect to the approximately 50 hours of recorded phone calls between defendant Michael

---

[1] Bruton v. United States,, 391 U.S. 123 (1968).

- 2 -

Lock and others. Finally, he contends that he will be prejudiced by the substantial amount of evidence that will be introduced against his co-defendants at trial, which is not relevant to his alleged wrongdoing.

Defendant McCray seeks severance of her trial from that of her co-defendants due to alleged prejudicial spillover of evidence in a joint trial pursuant to Fed. R. Crim. P. 14. (Docket #97). She also asserts that there is a significant disparity in the evidence between her and her co-defendants and that her alleged culpability is at best limited to discreet transactions. Defendant McCray maintains that because there is more evidence against some of the other defendants, there is a distinct possibility that a joint trial would include evidence that would not be admissible if she were tried alone and that the factually complex trial will make it difficult for the jury to consider each defendant individually.

Defendant McCray also seeks an order severing Count 21 pursuant to Fed. R. Crim. P. 8(a) and 8(b) on the ground that Count 21 is misjoined with the remaining counts. (Docket #99). She maintains that because Count 21 alleges a separate scheme, Counts 1-20 and Count 21 are not part of the common scheme of plan required for joinder. In the alternative, she contends that even if Count 21 is properly joined, joinder of the other counts is prejudicial to her. Specifically, she asserts that, unlike the mortgage fraud scheme charged in Counts 1-20, Count 21 alleges a separate bank fraud which occurred between June 18, 2004 and June 30, 2004. Defendant McCray is not charged in Count 21. She maintains that the evidentiary spillover of evidence would be prejudicial to her if Count 21 were not severed and proof of the bank fraud scheme would not be admissible against her since she was not involved in that scheme.

- 3 -

Defendant Jeray seeks an order severing her from her co-defendants named in the indictment pursuant to Fed R. Crim. P. 8(b). (Docket #73).  Defendant Jeray, who only is charged in Count 13, maintains that she is improperly joined with the other defendants and their charged counts.  She asserts that she will be unfairly prejudiced by such joinder.  She also states that because there is no indication that she was aware of or participated in any series of acts or transactions constituting the offenses charged, she is improperly joined under Rule 8.

The government opposes the defendants' motions on various grounds.  The government asserts that the 20 wire and mail fraud counts and the bank fraud count are part of a common scheme or plan to obtain money from lenders by defrauding them in real estate mortgage transactions.  Therefore, the government maintains that the defendants and counts are properly joined in this case.

Severance Under Fed. R. Crim. P 8

Rule 8 of the Federal Rules of Criminal Procedure, which governs joinder in criminal trials, is to be construed "broadly to allow liberal joinder in order to enhance judicial efficiency." United States v. Warner 498 F.3d 666, 699 (7th Cir.2007) (quoting United States v. Stillo, 57 F.3d 553, 556 [7th Cir. 1995]).  Moreover, "whether there was misjoinder under *Rule 8* is determined by looking solely at the allegations in the indictment. United States v. Lanas, 324 F.3d 894, 899 (7th Cir. 2003) (quoting United States v. Alexander, 135 F.3d 470, 475 [7th Cir. 1998]).

Rule 8(a) governs joinder of offenses, providing for separate offenses to be charged in the same indictment when:  1) the crimes are of the same or similar character; 2) the crimes are based on the same act or transaction; or  3) the crimes are based on two or more acts or

Case 2:07-cr-00204-JPS     Filed 03/31/08     Page 4 of 12     Document 131

transactions connected together or constituting parts of a common scheme or plan. United States v. Ross, 510 F.3d 702, 710 (7th Cir. 2007); United States v. Donaldson, 978 F.2d 381, 391 (7th Cir. 1992). There is a strong policy preference in favor of the joinder of qualifying charges and Rule 8(a) "must be broadly construed toward that end." See Alexander, 135 F.3d at 476.

Under Rule 8(b), defendants may be charged jointly if they "participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses. United States v. Pigee, 197 F.3d 879, 891 (7th Cir. 1999) (quoting Fed. R. Crim. P. 8[b]). If the acts of each defendant are performed according to a common scheme or plan, joinder is proper. United States v. Cyprian, 23 F.3d 1189, 1193 (7th Cir. 1994). The court must look to the allegations in the indictment in assessing whether joinder is proper. Lanas, 324 F.3d at 899; Alexander, 135 F.3d at 475. Thus, the test for joinder is what the indictment charges. Id.; United States v. Bruun, 809 F.2d 397, 406 (7th Cir. 1987); United States v. Velasquez, 772 F.2d 1348, 1354 (7th Cir. 1985). The court has interpreted the phrase, 'same series of acts or transaction' "to mean 'acts or transactions that are pursuant to a common scheme or plan.'" Lanas, 324 F.3d at 899 (quoting United States v. Todosijevic, 161 F.3d 479, 484 [7th Cir. 1998]).

Defendants McCray, Slamann and Jeray claim misjoinder under Rule 8(b). Defendant McCray also challenges the propriety of joinder under Rule 8(a). The Court of Appeals for the Seventh Circuit has stated: "When two or more defendants are charged in a single indictment, Rule 8(b) governs the joinder of defendants and offenses " Cyprian, 23 F.3d at 1193; United States v. Briscoe, 896 F.2d 1476, 1514 (7th Cir. 1990); see also, Velasquez, 772 F. 2d at 1351. However, in United States v Ross, the court noted that it had not always

- 5 -

applied that principle consistently. 510 F.3d at 711, n. 2 (citing United States v. Lanas 324 F.3d 894, 899-900 [7th Cir. 2003] [analyzing joinder of offenses in a multi-defendant trial under Rule 8(a)]).

The court need not resolve the issue of whether Rule 8(b) governs because, in this case, the offenses charged in the indictment are the same or similar in character and are connected with or part of a common scheme or plan. Counts 1-20 charge separate executions of a mortgage fraud scheme in which the named defendants are alleged to have knowingly devised and participated in a scheme to defraud and to obtain money from lending institutions by means of materially false and fraudulent pretenses, representation and promises. In this scheme, which allegedly occurred from 2004 until August 1, 2007, the participants are alleged to have fraudulently obtained mortgage loans on numerous properties in the metropolitan Milwaukee area and to have arranged to have the proceeds of the fraud split among themselves. The defendants named in these counts are charged with substantive wire and mail fraud offenses.

Count 21 charges two defendants, Chianti Clay and Lisa Colella, with knowingly devising and participating in a scheme to defraud a financial institution and to obtain money under the custody and control of the financial institution by means of false and fraudulent pretenses and representations. Defendant Clay is the common actor and is charged in all 21 counts in the indictment. In this scheme, which allegedly occurred between June 18 and June 30, 2004, the named defendants and others created materially false documents, including a loan application and offer to purchase, which were presented to the financial institution to obtain funding for a mortgage loan on a specified property. As a result, the indictment alleges that the financial institution was defrauded in the amount of $86,450.

- 6 -

Case 2:07-cr-00204-JPS    Filed 03/31/08    Page 6 of 12    Document 131

The allegations in the indictment demonstrate interrelated schemes involving the use of materially false and fraudulent documents, including loan applications, appraisals and offers to purchase. The allegations establish unified schemes to defraud lenders, including a financial institution, as part of an overall mortgage fraud scheme. Accordingly, the court concludes that the part of the motions of defendants Slamann, McCray, and Jeray to sever counts or defendants based on misjoinder under Rule 8 will be denied.

Severance Under Rule 14

When defendants have been properly joined under Rule 8(b), the court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> If joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

A defendant must show that denial of severance caused him actual prejudice that deprived him of his right to a fair trial. United States v. Rollins, 301 F.3d 511, 518 (7th Cir. 2002) (citations omitted). Defendants are not entitled to severance merely because they have a better chance of acquittal in separate trials. Id. However, "Rule 14 does not require severance, even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." United States v. Souffront, 338 F.3d 809, 828 (7th Cir. 2003).

- 7 -

A decision to grant or deny a motion for severance under Rule 14 will only be reversed for an abuse of discretion. United States v. Hogan, 886 F.2d 1497, 1506 (7th Cir. 1989). The reason for such deference is that, where joinder is proper under Fed. R. Crim. P. 8, there are substantial economies to be gained from a joint trial. Velasquez, 772 F.2d at 1353. Furthermore, there is a strong preference for a single trial with co-defendants who have been jointly indicted. Souffront, 338 F.3d at 828 (quoting Zafiro, 506 U.S. at 538-39)..

In deciding a motion for severance, the court should balance the interests of the defendants in severance against the government's interest in judicial economy. United States v. Rivera, 825 F.2d 152, 159 (7th Cir. 1987). As the court stated in Velasquez, 772 F.2d at 1352: "The danger of prejudice to the least guilty, or perhaps prejudice to all from the sheer confusion of a multi-defendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facts of the crime can be explored once and for all."

The Court of Appeals for the Seventh Circuit has outlined four settings in which actual prejudice might result from a denial of a motion for severance:

(1) conflicting and irreconcilable defenses;

(2) a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant;

(3) a co-defendant's statement that incriminates the defendant [Bruton]; and,

(4) a gross disparity of evidence between the defendants.

United States v. Clark, 989 F.2d 1490, 1499 (7th Cir. 1993); United States v. Oglesby, 764 F.2d 1273, 1276 (7th Cir. 1985).

- 8 -

Here, defendants Slamann, McCray and Jeray cite the disparity in the evidence between them and their co-defendants and maintain that they will be unfairly prejudiced by evidentiary spillover. They contend, in varying degrees, that much of the evidence to be presented will not be relevant to them and that the jury in this complex trial will have difficulty compartmentalizing evidence and considering each defendant separately. Defendants Slamann and McCray also point out that, unlike some of their co-defendants, they have no criminal record.

To succeed on a claim of prejudice due to disparities in the evidence (or evidentiary spillover) a criminal defendant must rebut the presumptions that a jury will: 1) capably sort through the evidence, and 2) follow instructions from the court to consider each defendant separately. United States v. Edwards, 36 F.3d 639, 647 (7th Cir. 1994); United States v. Lopez, 6 F.3d 1281, 1286 (7th Cir. 1993); United States v. Smith, 995 F.2d 662, 671 (7th Cir. 1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." Lopez, 6 F.3d at 1286 (citing United States v. Doerr, 886 F.2d 944, 972 [7th Cir. 1989]).

Moreover, the general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored. United States v. Papia, 560 F.2d 827, 837 (7th Cir. 1977). The mere existence of such a disparity "is not itself grounds for a severance." Doerr, 886 at 972 (citations omitted). "Instead, 'the relevant inquiry is whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against him.'" Id. (citations omitted). Here, instructions directing the jury to assess each defendant's guilt or innocence solely on the basis of evidence admissible against him will effectively prevent evidentiary spillover. See United States v. Peters, 791 F.2d 1270, 1303

- 9 -

(7th Cir. 1986); United States v. Hendrix, 752 F.2d 1226, 1232 n.6 (7th Cir. 1985); see also, Velasquez, 772 F.2d at 1352.

The "danger of prejudice to the least guilty, or perhaps prejudice to all from sheer confusion of a multi-defendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." United States v. Shorter, 54 F.3d 1248, 1258 n.21 (7th Cir. 1995). Moreover, "a simple 'disparity in the evidence' will not suffice to support a motion for severance — i.e., it does not independently establish 'actual prejudice.'" United States v. Caliendo, 910 F.2d 429, 438 (7th Cir. 1990). It is well-settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. Zafiro, 506 U.S. at 540.

The defendants have not established that other less drastic measures, such as instructions to the jury, would not mitigate against any prejudice that might result from alleged disparity in the evidence. The defendants have not demonstrated that they will be prevented from receiving a fair trial. Alexander, 135 F.3d at 477. As the court in Alexander explained: "[I]t is not enough that separate trials may have provided [the defendant] with a better opportunity for an acquittal." Id.; United States v. Vest, 116 F.3d 1179, 1190 (7th Cir. 1997); United States v. Moya-Gomez, 860 F.2d 706, 754 (7th Cir.1988).

Here, instructions directing the jury to assess each defendant's guilt or innocence solely on the basis of evidence admissible against him or her will prevent evidentiary spillover. See United States v. Peters, 791 F.2d at 1303; United States v. Hendrix, 752 F.2d 1226, 1232 n.6 (7th Cir. 1985); Velasquez, 772 F.2d at 1352.

- 10 -

Defendants Slamann and Jeray also suggest that a joint trial may create Bruton issues. Under Bruton, 391 U.S. at 127-28, admission of a co-defendant's confession inculpating a defendant at a joint trial where the co-defendant does not testify and, therefore, cannot be cross-examined, violates a defendant's Sixth Amendment right to confrontation.

In raising a Bruton argument, defendant Slamann makes reference to approximately 50 hours of recorded calls between defendant Lock and others. He asserts that defendant Lock and/or defendant McCray make reference in one call to Racine, where defendant Slamann is from, and three references to a person named "Kevin." Defendant Slamann further asserts that in a joint trial he may not be afforded the opportunity to question these defendants as to whom they were referring in the calls. He acknowledges that these conversations are not confessions, but could be interpreted as implicating him in the alleged illegal conduct.

Defendant Jeray merely maintains that she is aware that several co-defendants have given statements, admissions and/or confessions regarding their involvement in various charges in the indictment. She does not indicate that any of these alleged statements, admissions or confessions implicate her in any way.

The government states that it knows of no co-defendant confession or admission which would implicate either defendant Slamann or defendant Jeray. However, the government asserts that if any were to occur prior to trial, it would be properly redacted according to the requirements of Richardson v. Marsh, 481 U.S. 200 (1987) and its progeny. "[T]he replacement of defendants' names with references to such 'another person,' combined with an instruction to consider the confession only against the declarant satisfies Bruton. United States v. Gio, 7 F.3d 1279, 1287 (7th Cir. 1993). Accordingly, given the redaction of

- 11 -

statements proposed by the government, the defendants have not posited a basis for severance. See Richardson, 481 U.S. at 211; United States v. Strickland, 935 F.2d 822, 826 (7th Cir.1991).

In sum, the defendants have not established a basis for severance under either Fed. R. Crim. P. 8 or 14. Their motions relating to severance and prejudicial joinder will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that defendant Kevin Slamann's motion for relief from prejudicial joinder be and hereby is **denied**. (Docket #90).

**IT IS FURTHER ORDERED** that defendant Jerhonda McCray's motion to sever be and hereby is **denied**. (Docket #97).

**IT IS ORDERED** that defendant Jerhonda McCray's motion to sever Count 21 for misjoinder be and hereby is **denied**. (Docket #99).

**IT IS ORDERED** that defendant Krista Jeray's motion to sever be and hereby is **denied**. (Docket #73).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within ten days of service of this order. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2008.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge